UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                         )     Chapter 13
                               )
JOHN J. ZENS and               )     Bky. No. 07-10831
LORI A. ZENS,                  )
         Debtor(s).            )     Judge Bruce W. Black

## AGREED DEFAULT ORDER

THIS CAUSE coming on to be heard upon the Motion for Relief from Automatic Stay filed on behalf of Centrue Bank (hereinafter referred to as "Centrue"), a secured creditor or servicing agent for a secured creditor holding a mortgage on Debtors' real estate commonly known as 718 St. Vincent Avenue, Peru, Illinois 61354, (hereinafter referred to as the "Property"), all parties having notice, the Court having jurisdiction and being fully advised;

IT IS HEREBY ORDERED:

1. In addition to making the regular post-petition mortgage payments timely, Debtors shall cure the arrears of $1,554.60 through January 31, 2008 by making six payments of $257.44 commencing February 1, 2008. The arrears include:

   $650.00 attorneys' fees and costs;
   3 (November 2007 - January 2008) payments @$360.19 = $1,080.57;
   $114.03 Late Charges; for a total of $1,844.60;
   less funds in the amount of $300.00 tendered after the filing of the Motion for Relief from Automatic Stay.

2. If the Debtors fail to timely pay two or more (i) regular monthly mortgage payments increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters; (ii) plan payments to the Chapter 13 Trustee; (iii) payments for property insurance and/or general real estate taxes; or (iv) Debtors fail to cure the arrears pursuant to paragraph 1 above, then the Debtor(s) shall be deemed to be in default and

-2-

the automatic stay shall be terminated as to the Property without further order of this Court, if upon written notice of the default to Debtors and Debtors' attorney, the default is not cured within fourteen (14) days from the date the written notice of the default is mailed.

3. The Debtors may avail themselves of the cure provision set forth above in paragraphs 1 and 2 above a total of two (2) times. In the event of the issuance of a third (3rd) Notice of Default, the Automatic Stay will automatically modify without further Order as Debtor(s) will no longer have the right to cure thereunder.

4. The Proof of Claim heretofore submitted by this Centrue shall stand unaffected and payments made thereunder shall be paid to Centrue unless a Notice of Default and Notice of Lifting are presented to the Trustee.

5. In the event that Heavner, Scott, Beyers and Mihlar should have to send out any Notices of Default, the Debtors shall pay an extra $75.00 per notice, as additional attorneys' fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period as set-forth in the Notice.

AGREED:

CENTRUE BANK,

_____
Faiq Mihlar
Heavner, Scott, Beyers & Mihlar

DATED: _____

JOHN J. ZENS and LORI A. ZENS,

_/s/ Marc Scheinbaum_____
MARC SCHEINBAUM (# 6180394)

ENTER:

FAIQ MIHLAR (#6274089)
HEAVNER, SCOTT, BEYERS & MIHLAR
Attorneys at Law
111 East Main Street, Suite #200
Post Office Box 740
Decatur, Illinois 62525-0740
Telephone: (217) 422-1719

ENTERED

JAN 1 8 2008

BRUCE W. BLACK, BANKRUPTCY JUDGE
UNITED STATES BANKRUPTCY COURT